IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE SPENCER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) | 7:16-cv-8119-LSC <br> (7:11-cr-366-LSC-TMP) |

**MEMORANDUM OF OPINION**

Michael Spencer ("Spencer") has filed with the Clerk of this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 5.) For the following reasons, the motion is due to be denied.

**I.    Background**

On November 29, 2011, Spencer pled guilty to three counts of distributing cocaine base, violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At sentencing, Spencer was classified as a career offender under the advisory Sentencing Guidelines ("U.S.S.G."), § 4B1.1, based on his prior Alabama convictions for second-degree assault and first-degree marijuana possession (for other than

1

personal use). This Court sentenced him to serve 120 months' imprisonment on each count, concurrently. Judgment was entered on August 24, 2012. Spencer did not appeal. Now, more than four years later, Spencer has filed this § 2255 motion seeking relief from his sentence on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

## II.   Discussion

*Johnson* held that the residual-clause portion of 18 U.S.C. § 924(e)(2)(B)(ii)—defining "violent felony" within the Armed Career Criminal Act ("ACCA")—is unconstitutionally vague. *Id.* at 2557. Spencer was convicted of drug offenses and not unlawful possession of a firearm or any other offense under U.S.C. § 922(g), the only crime to which the ACCA applies. *See United States v. McGatha*, 891 F.2d 1520, 1526 (11th Cir. 1990) ("The mandatory sentencing provisions of § 924(e) [are] applicable only after the defendant has been convicted of one of the predicate offenses described in § 922(g) . . . ."). Thus, *Johnson* has no direct application here.

---

[1]     Spencer thus attempts to take advantage of 28 U.S.C. § 2255(f)(3), which allows a criminal defendant to file a habeas petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has held that *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* was decided on June 26, 2015, and Spencer placed his habeas petition in the mail to be filed with this Court on June 20, 2016.

2

However, Spencer asks this Court to apply *Johnson* to the Sentencing Guidelines that were in effect at the time of his sentencing and, more specifically, to this Court's determination that he is a career offender under U.S.S.G. § 4B1.1. Under the Guidelines, a defendant is a career offender if he: (1) "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). At the time of Spencer's sentencing, the Guidelines defined "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 4B1.2(a) (emphasis added). The emphasized clause in this definition is known as the residual clause. U.S.S.G. § 4B1.2(a)(2). Because the Court in *Johnson* held that the identically-worded residual clause in the ACCA was unconstitutionally vague, Spencer contends that the Guidelines' residual clause within the definition of

3

"crime of violence" is also void for vagueness. Thus, he argues that, post-*Johnson*, his second-degree assault conviction no longer constitutes a "crime of violence." He also asserts that his conviction for first-degree possession of marijuana (for other than personal use) is no longer a qualifying offense.

Spencer's claim fails for several reasons. First, the Supreme Court has recently squarely rejected his argument that *Johnson*'s holding applies to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (holding that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause).

Even if the residual clause of the definition of "crime of violence" in the Guidelines was void for vagueness, that conclusion would not impact Spencer's particular sentence. This is because Spencer's second-degree assault conviction was, and is, a crime of violence under the "element's clause" of the definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a)(1) ("The term 'crime of violence' means any offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"). In Alabama, second-degree assault can be committed in a number of ways, including when:

> (a) A person . . . (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person; (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a

4

dangerous instrument; (3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; [or] (4) With intent to prevent a peace officer, as defined in Section 36-21-60, a detention or correctional officer at any municipal or county jail or state penitentiary, emergency medical personnel, a utility worker, or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person. . . .

Ala. Code § 13A-6-21. This statute is divisible, which permits consideration under the "modified categorical approach." *See Descamps v. United States*, 133 S. Ct. 2276, 2289 (2013).[2] Application of the modified categorical approach demonstrates that Spencer's conviction had as an element the intentional use of force. The pre-sentence report stated, with no objection by Spencer, that the "indictment charged that [Spencer] did, with intent to cause serious physical injury to another person, . . . cause[] serious physical injury to [the victim], by means of a deadly weapon or a

---

[2] Courts typically use a "categorical approach" to consider whether a prior offense is an enhancement-qualifying offense for the ACCA sentencing enhancement. *Id.* at 2281. The categorical approach restricts courts to relying on the fact of the prior conviction and the statutory language upon which the defendant's conviction rests. *Id.* However, where the predicate conviction statute is broader than the enhancement definition and divisible, courts may use a modified categorical approach. *Id.* A divisible statute "sets out one or more elements of the offense in the alternative." *Id.* Under the modified categorical approach, courts look to a limited class of documents, such as the indictment and jury instructions, to determine which alternative element was the basis of the defendant's conviction. *Id.* While the Court's holding and analysis in *Descamps* related to whether a prior conviction qualified as a "violent felony" under the ACCA, the ACCA's definition of "violent felony" can be used almost interchangeably with the term "crime of violence" as used when determining whether a defendant qualifies as a "career offender" under the Sentencing Guidelines. *See United States v. Hall*, 714 F.3d 1270, 1272 (11th Cir. 2013); *Spencer v. United States*, 727 F.3d 1076, 1100 (11th Cir. 2013) (ordering a resentencing under § 2255 on defendant's claim that he was improperly classified as a career offender under the Guidelines, based on a retroactive application of *Begay v. United States*, 553 U.S. 137 (2008), which narrowed the definition of what constitutes a "violent felony" under the ACCA).

dangerous instrument, to wit: a knife[.]" (Doc. 20 at 11, *United States v. Spencer*, 7:11-cr-366-LSC.) *See United States v. Anderson*, 442 F. App'x 537, 539 (11th Cir. 2011) (applying the modified categorical approach to Alabama's second-degree assault statute and stating that "the district court did, and can rely on a description of the conduct from the PSI Addendum, which included language from the *Shepard*-approved indictment and to which Anderson did not object"). Thus, the modified categorical approach reveals a "conviction requir[ing] force in its physical injury element." *Id.* at 540.

Additionally, Spencer's separate claim that his prior conviction for first-degree marijuana possession should not be considered as a qualifying offense also fails. As an initial matter, the claim is time barred. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").[3] Because Spencer did not appeal from the judgment against him, his conviction became final on September 7, 2012, or 14 days after the judgment was entered. Thus, he had until September 7, 2013, to file a motion under § 2255. The fact that *Johnson* was decided in 2015 cannot help Spencer because *Johnson* has no impact on the definition of a controlled substance offense, and Spencer's marijuana conviction

---

[3] In evaluating the timeliness question, this Court must consider each claim individually. *See Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (en banc) (holding that, under § 2244(d)(1) – the one-year limitations period applicable to state-court convictions – "the federal statute of limitations requires a claim-by-claim approach to determine timeliness").

was a qualifying conviction leading to his career-offender status because it is a controlled substance offense under U.S.S.G. § 4B1.1(a), not because it was deemed a crime of violence.

Additionally, disregarding the time-bar, a claim that Spencer's prior marijuana offense does not qualify is without merit. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). First-degree marijuana possession in Alabama (for other than personal use) qualifies. *See United States v. White*, 837 F.3d 1225, 1229-31 (11th Cir. 2016) (holding that Alabama possession of marijuana for other than personal is a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(ii)).

### III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Spencer's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Spencer's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON May 11, 2017.

                                      L. SCOTT COOGLER
                           UNITED STATES DISTRICT JUDGE

160704